Case 1:08-cv-00756-LY   Document 14   Filed 01/20/09   Page 1 of 3

FILED
2009 JAN 20  AM 8:51
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| 3M Company <br> and <br> 3M Innovative Properties Company <br><br> Plaintiffs, <br><br> v. <br><br> Broadband Products, Inc. <br><br> Defendant. | C.A. No. A08CA 756 LY <br><br> **JURY TRIAL DEMANDED** |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

CAME ON THIS DAY for consideration the Joint Motion for Consent Judgment and Permanent Injunction in this case. Because the Parties have entered a settlement and consented to judgment and a permanent injunction as follows, the Court is of the opinion that said motion should be GRANTED, and IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1. Plaintiffs 3M Company and 3M Innovative Properties Company (collectively, "3M") have brought this action against defendant Broadband Products, Inc. ("BPI") for infringement of United States Patents Nos. 5,067,910 (the "'910 patent") and 5,120,246 (the "'246 patent") (collectively, the '910 patent and the '246 patent are referred to as the "Patents-in-Suit").

2. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant Broadband Products, Inc. ("BPI") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 220 Clary Ave., San Gabriel, CA 91776. The Court has personal jurisdiction over BPI.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

5. Plaintiff 3M Innovative Properties Company owns the Patents-in-Suit by assignment. Plaintiff 3M Company is the exclusive licensee of the Patents-in-Suit. 3M has standing to bring this action.

6. Each claim of the '910 patent is valid, and is enforceable for all purposes permitted by law. BPI is hereby permanently enjoined from contesting the validity or enforceability of the '910 patent; is herby permanently enjoined from contending in this or any other court, in the United States Patent and Trademark Office, or in any other forum, that any claim of the '910 patent is invalid or unenforceable, regardless of the structure or composition of the product at issue in such other action; and is hereby permanently enjoined from directly or indirectly aiding, assisting or participating in any action contesting the validity or enforceability of the '910 patent.

7. Each claim of the '246 patent is valid, and is enforceable for all purposes permitted by law. BPI is hereby permanently enjoined from contesting the validity or enforceability of the '246 patent; is hereby permanently enjoined from contending in this or any other court, in the United States Patent and Trademark Office, or in any other forum, that any claim of the '246 patent is invalid or unenforceable, regardless of the structure or composition of the product at issue in such other action; and is hereby permanently enjoined from directly or indirectly aiding, assisting or participating in any action contesting the validity or enforceability of the '246 patent.

8. BPI has infringed the '910 patent and the '246 patent by importing into the United States, using, offering for sale and/or selling products that fall within the scope of one or more claims of the Patents-in-Suit, including Model Nos. 53-200R2, 53-200R2-D, 53-200Y2, and 53-200Y2-D, in violation of 35 U.S.C. § 271.

9. BPI, and its officers, agents, servants, and employees, and those persons in active concert or participation with them who receive actual notice of this Judgment, are hereby permanently enjoined from infringing the Patents-in-Suit, and are permanently enjoined from importing into the United States, manufacturing, using, offering for sale and selling infringing

products that fall within the scope of one or more claims of the Patents-in-Suit, including Model Nos. 53-200R2, 53-200R2-D, 53-200Y2, and 53-200Y2-D. This injunction shall not extend beyond the date of the expiration of the Patents-in-Suit.

10. BPI may not appeal this Judgment or challenge its enforceability in this Court or in any subsequent legal proceeding.

11. BPI shall, before January 31, 2009, destroy all BPI products in inventory that fall within the scope of one or more claims of the Patents-in-Suit, including Model Nos. 53-200R2, 53-200R2-D, 53-200Y2, and/or 53-200Y2-D.

12. Each of the parties shall fully comply with its respective obligations set forth in the Settlement Agreement. A breach of the Settlement Agreement shall constitute contempt and violation of this Judgment.

13. Each party shall bear its own attorneys' fees, costs and expenses incurred in this action.

14. This Court shall retain jurisdiction over this action and the parties to this action for purposes of enforcement of this Judgment and Permanent Injunction.

**FINAL JUDGMENT SHALL BE ENTERED PURSUANT HERETO, WITHOUT FURTHER NOTICE.**

*The Clerk is directed to enter this final judgment forthwith.*
*SO ORDERED this ___ day of January, 2009.*

_____
THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE